**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIVINT INC., <br>     Plaintiff, <br> v. <br> SKYBELL TECHNOLOGIES, INC., <br>     Defendant. | Case No. 2:21-cv-09472-GW-GJSx <br><br> JURY TRIAL DEMANDED |

**[PROPOSED] FIRST AMENDED COMPLAINT**

Plaintiff Vivint Inc. ("Vivint") by and through its counsel, states the following in support of its First Amended Complaint for patent infringement against Defendant SkyBell Technologies, Inc. ("SkyBell").

**PARTIES**

1. Upon information and belief, SkyBell is a Nevada company with its principal place of business at 1 Jenner #100, Irvine, CA 92618.

2. Vivint is a corporation duly organized and existing under the laws of the state of Utah, with its principal place of business at 4931 North 300 West, Provo, Utah 84604.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents).

4. SkyBell is subject to this Court's exercise of specific and general personal jurisdiction pursuant to the Due Process Clause of the Fifth Amendment and under the California long-arm statute, Cal. Civ. Proc. Code § 410.10. Upon information and belief, SkyBell conducts substantial business in this forum

1

including selling infringing products in the state of California and placing infringing products into the stream of commerce through an established distribution channel with full awareness that substantial quantities of the products are shipped to California. SkyBell and its subsidiary, has also consented to this jurisdiction by stipulating to transfer the counterclaims to the Central District of California.

5. Venue is proper in this district under 28 U.S.C. § 1400(b). SkyBell and its subsidiary, has also consented to this jurisdiction by stipulating to transfer the counterclaims to the Central District of California.

## PROCEDURAL BACKGROUND

6. SB IP Holdings, LLC initially brought patent infringement claims against Vivint Smart Home, Inc., in the Eastern District of Texas, case no. 4:20-cv-00886-ALM (DKT. No. 1.) on November 17, 2020.

7. Vivint, Inc. subsequently joined the case in the Eastern District of Texas, bringing patent infringement counterclaims against SB IP's parent company, SkyBell Technologies, Inc. (Dkt. No. 34) on May 14, 2021.

8. SkyBell subsequently moved to dismiss Vivint, Inc.'s claims for lack of venue (Dkt. No. 40.) on July 6, 2021.

9. The parties then stipulated to transfer Vivint, Inc. and counterclaims 1 and 2 of Dkt. No. 34 against SkyBell Technologies, Inc. to the United States District Court for the Central District of California. This stipulation was filed on November 16, 2021 (Dkt. No. 63.)

10. This Court received Vivint, Inc.'s counterclaims on December 17, 2021 (Dkt. Nos. 74, 76).

## FACTUAL BACKGROUND

11. With its roots in Provo, Utah, Vivint has steadily grown over the past

20 years to become a leading smart home technology provider in The United States.

12. Vivint developed and launched its own proprietary platform to service its smart home security customers, providing a fully integrated smart home security platform. As one of the premier providers of smart home technology, Vivint is recognized throughout the industry (of which it was a leader in creating) for its products, innovation, and customer satisfaction. It focuses on creating simple, safe, affordable smart homes. Vivint's offerings include:

- vertically integrated smart home security systems;
- in-home consultation;
- professional installation; and
- 24/7 monitoring and customer support.

13. Vivint's products include:

- Wireless security cameras;
- Smart security devices, such as smart locks and garage door openers;
- Automated lighting and control and smart thermostats;
- Doorbell video cameras; and
- Smart security intrusion sensors.

14. With over 10,000 employees dedicated to redefining the home experience with intelligent products and services, Vivint serves more than 1.7 million customers throughout the United States.

15. Key to Vivint's success has been its commitment to creating, inventing, and innovating. Indeed, to encourage and develop innovation, Vivint has its own Innovation Centers in Lehi, Utah and Boston, Massachusetts. Vivint owns more than 300 issued patents.

## ASSERTED PATENTS

16. Vivint's technological innovations are protected by, inter alia, a large portfolio of intellectual property, including the two asserted patents (collectively, the "Vivint Patents") that were duly issued by the United States Patent and Trademark Office and are presumed by law to be valid and enforceable (35 U.S.C. § 282): U.S. Patent No. 7,956,739 ("'739 patent") and U.S. Patent No. 6,748,343 ("'343 patent").

17. Vivint is the owner by assignment of the Vivint Patents and holds all rights, title, and interest in and to the Vivint Patents, including the right to sue and recover for all past, present, and future infringements. Vivint has not authorized, licensed, or otherwise given permission for SkyBell to use any of the Vivint Patents or to make, use, offer for sale, or sell any product or service that infringes any claim of any of the Vivint Patents.

18. SkyBell has sold and continues to offer for sale video doorbell products including at least the "SkyBell HD" and "SkyBell Trim Plus" products, as depicted in the images below:



https://store.skybell.com/products/skybell-trim-plus (last accessed August 3, 2022);

https://store.skybell.com/products/skybell-video-doorbell-hd?variant=8473571971 (last accessed August 3, 2021).

19. SkyBell HD and SkyBell Trim plus are smart doorbell cameras that

4

integrate with the SkyBell HD smartphone application ("SkyBell app") (collectively the "SkyBell Products").

20. The SkyBell Products infringe at least one claim of the Vivint Patents.

21. Further, SkyBell sells its doorbells through a business-to-business model, whereby other companies, such as Alarm.com, then brand and sell the SkyBell doorbells to customers through Alarm.com's dealer network. SkyBell has done this since at least May 2017, as demonstrated by the Alarm.com Doorbell Camera Installation Guide below.



*VIVINTSKYBELL-0056596*

22. Alarm.com continues to sell SkyBell products such as the SkyBell Slim Line Doorbell Camera through Alarm.com's dealer network. An Amazon web page below demonstrates that the product is for sale directly to consumers.

5



https://www.amazon.com/Alarm-com-SkyBell-Doorbell-Camera-Silver/dp/B07287HM3J (last accessed August 3, 2022)

23. Other companies that purchase SkyBell doorbells, including Alarm.com, provide their own back-end processing services and smartphone applications ("third party apps") (collectively with SkyBell's doorbells, "SkyBell B2B Products"). Upon information and belief, the third party apps provide functionality, including location services and alert notifications, which combined with the SkyBell doorbells, infringe at least claim one of the Vivint patents.

24. On information and belief, SkyBell specifically designed its SkyBell B2B Products with Alarm.com such that the SkyBell B2B Products would operate within Alarm.com's system.

25. Upon information and belief, SkyBell has been and is inducing infringement of the Vivint Patents by actively and knowingly inducing others, including Alarm.com, to make, use, sell, offer for sale, or import SkyBell B2B Products that embody or use the inventions claimed in the Vivint Patents. Specifically, through its dealer network, Alarm.com sells SkyBell branded doorbells, and provides backend services for these doorbells, which are supported

by the Alarm.com app. The combination of the Alarm.com app, backend services, and SkyBell provided doorbells infringe at least claim one of the Vivint Patents. Upon information and belief, SkyBell knew that its doorbells were used by other businesses, including Alarm.com, to infringe the patents in suit, and knew that this constituted infringement, at least as of May 14, 2021 when Vivint first raised its direct infringement claims relating to SkyBell's doorbells. These same SkyBell doorbells, which directly infringe, are the doorbells SkyBell has sold and continues to sell to other businesses for use with those other businesses' (such as Alarm.com) backend services and app.



https://www.alarmsystemstore.com/products/adc-slimline-ii-wi-fi-doorbell-camera (accessed August 3, 2022).

https://www.alarmsystemstore.com/products/alarm-com-single-doorbell-video-service-with-analytics-annual-plan (accessed August 3, 2022).

26. Upon information and belief, Defendant has been and is continuing to contributorily infringe the Vivint patents by selling or offering to sell SkyBell B2B Products, knowing them to be especially made or especially adapted for practicing the invention of the Vivint patent and not a staple article or commodity of

7

commerce suitable for substantial non-infringing use. Specifically, through its dealer network, Alarm.com sells SkyBell branded doorbells, and provides backend services for these doorbells, which are supported by an application powered by Alarm.com. The combination of the Alarm.com app, backend services, and SkyBell provided doorbells infringe at least claim one of the Vivint Patents. Upon information and belief, SkyBell knew that its doorbells were used by other businesses, including Alarm.com, to infringe the patents in suit, and knew there is no substantial non-infringing use. In fact, the SkyBell doorbells are an essential piece to the infringement of the Vivint Patents. SkyBell knew the SkyBell B2B Products constituted infringement, at least as of May 14, 2021 when Vivint first raised its direct infringement claims relating to SkyBell's doorbells. These same SkyBell doorbells which directly infringe are the doorbells SkyBell has sold and continues to sell to other businesses for use with those other businesses' (such as Alarm.com) backend services and app.



https://www.alarmsystemstore.com/products/adc-slimline-ii-wi-fi-doorbell-camera (accessed August 3, 2022).

https://www.alarmsystemstore.com/products/alarm-com-single-doorbell-video-service-with-analytics-annual-plan (accessed August 3, 2022).

27. Vivint is entitled, under at least 35 U.S.C. § 284, to recover damages from SkyBell in an amount adequate to compensate for its acts of infringement, in no amount less than a reasonable royalty for SkyBell's acts of infringements, together with interest and costs as fixed by the Court.

28. The Court may increase the damages under 35 U.S.C. § 284 up to three times the amount found or assessed, and Vivint is entitled to such an enhancement because SkyBell's infringement of the Vivint Patents has been willful, intentional, and knowing since at least May 14, 2021 when Vivint first raised its infringement claims.

29. SkyBell's willful infringement of the Vivint Patents renders this case exceptional, and Vivint is entitled to an award of reasonable attorney fees as a result, pursuant to 35 U.S.C. § 285.

30. Vivint has satisfied the statutory requirements to collect pre-suit damages for infringement of each of the Vivint Patents, including, without limitation, any applicable provisions of 35 U.S.C. § 287, by, at least, listing the Vivint Patents at https://www.vivint.com/legal/patents.

**FIRST COUNT: DIRECT INFRINGEMENT OF THE '343 PATENT**

31. By this reference Vivint realleges and incorporates the foregoing Claim paragraphs 1–30 as though fully set forth here.

32. SkyBell has directly infringed, and continues to so infringe, one or more claims (including, at least, claim 1) of the '343 patent (see Exhibit 1 attached hereto), in violation of 35 U.S.C. § 271(a) by, at least, importing, selling, or offering for sale the SkyBell Products within the United States during the term of the '343 patent.

33. For example, without limitation, the SkyBell Products are configured for installation at the entryway of a home and are configured to obtain and transmit

monitoring data corresponding to the home.

34. The SkyBell app provides a user interface where users may enter login credentials, associate the SkyBell Products with a specific home and provide a description of the location of the device in the home. The instructions entered by the users are communicated to the SkyBell Products from the SkyBell app through a server.

35. Through the SkyBell app, users can view video feed from the SkyBell Products, receive notifications, view recorded clips, and speak with a visitor at the door. Users may also select settings on the SkyBell Products such as LED color and motion sensitivity.

36. Through the SkyBell app, users can also configure notification settings to notify users either when a doorbell button is pushed, or motion is detected. Due to the capability of at least the SkyBell Products performing and actually performing the functions described herein, SkyBell directly infringes one or more claims (including, at least, claim 1) of the '343 patent.

**SECOND COUNT: INDUCED INFRINGEMENT OF THE '343 PATENT**

37. By this reference Vivint realleges and incorporates the foregoing Claim paragraphs 1–30 as though fully set forth here.

38. SkyBell has been and is inducing infringement of the '343 patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import SkyBell B2B Products that embody or use the invention claimed in the '343 patent, in violation of 35 U.S.C. § 271(b).

39. Specifically, on information and belief, SkyBell has induced infringement by actively and knowingly inducing Alarm.com to make, use, sell, offer for sale, or import SkyBell B2B Products, at least through Alarm.com's dealer network.

10

40. For example, without limitation, the SkyBell B2B Products are configured for installation at the entryway of a home and are configured to obtain and transmit monitoring data corresponding to the home.

41. A smartphone app provided by Alarm.com provides a user interface where users may enter login credentials, associate the SkyBell B2B Products with a specific home and provide a description of the location of the device in the home. The instructions entered by the users are communicated to the SkyBell B2B Products from the Alarm.com app through a server.

42. Through the Alarm.com app, users can view video feed from the SkyBell B2B Products, receive notifications, view recorded clips, and speak with a visitor at the door. Users may also select settings on the SkyBell B2B Products such as LED color and motion sensitivity.

43. Through the Alarm.com app, users can also configure notification settings to notify users either when a doorbell button is pushed, or motion is detected.

44. Due to the capability of at least the SkyBell B2B Products performing and actually performing the functions described herein, SkyBell indirectly infringes one or more claims (including, at least, claim 1) of the '343 patent by inducing infringement.

**THIRD COUNT: CONTRIBUTORY INFRINGEMENT OF THE '343 PATENT**

45. By this reference Vivint realleges and incorporates the foregoing Claim paragraphs 1–30 as though fully set forth here.

46. Defendant has been and is contributing to the infringement of the '343 patent by selling or offering to sell SkyBell B2B Products by which other parties directly infringe the '343 patent.

47. Defendant has been and is contributing to the infringement of the '343 patent by selling or offering to sell SkyBell B2B Products having had knowledge of the '343 patent at least since the filing of the original complaint on May 14, 2021.

48. Defendant has been and is contributing to the infringement of the '343 patent by selling or offering to sell SkyBell B2B Products knowing them to be especially made or especially adapted for practicing the invention of the '343 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

**FOURTH COUNT: INFRINGEMENT OF THE '739 PATENT**

49. By this reference Vivint realleges and incorporates the foregoing Claim paragraphs 1–30 as though fully set forth here.

50. SkyBell has directly infringed, and continues to so infringe, one or more claims (including, at least, claim 8) of the '739 patent (see Exhibit 2 attached hereto), in violation of 35 U.S.C. § 271(a) by, at least, importing, selling, or offering for sale the SkyBell Products within the United States during the term of the '739 patent.

51. For example, without limitation, the SkyBell app obtains location data from users as shown in the image below taken from the SkyBell app:



52. The SkyBell Products provide notifications when a visitor either presses the doorbell button or is detected by a motion detector through the SkyBell app.

53. When users receive notifications through the SkyBell app, they can activate the SkyBell app and view video data from the SkyBell Products and communicate with a visitor through the SkyBell Products.

54. Due to the capability of at least the SkyBell Products performing and actually performing the functions described herein, SkyBell directly infringes one or more claims (including, at least, claim 8) of the '739 patent.

**FIFTH COUNT: INDUCED INFRINGEMENT OF THE '739 PATENT**

55. By this reference Vivint realleges and incorporates the foregoing Claim paragraphs 1–30 as though fully set forth here.

56. SkyBell has been and is inducing infringement of the '739 patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import SkyBell B2B Products that embody or use the invention claimed in the '739 patent, in violation of 35 U.S.C. § 271(b).

57. Specifically, on information and belief, SkyBell has induced infringement by actively and knowingly inducing Alarm.com to make, use, sell, offer for sale, or import SkyBell B2B Products through its dealer network.

58. For example, without limitation, the Alarm.com app obtains location data from users and allows users to configure geo-fences. Through such geo-fences, users may filter notifications from the SkyBell B2B Products.

59. The SkyBell B2B Products provide notifications when a visitor either presses the doorbell button or is detected by a motion detector through the Alarm.com app.

60. When users receive notifications through the Alarm.com app, they can

activate the Alarm.com app and view video data from the SkyBell B2B Products and communicate with a visitor through the SkyBell B2B Products.

61. Due to the capability of at least the SkyBell B2B Products performing and actually performing the functions described herein, SkyBell indirectly infringes one or more claims (including, at least, claim 8) of the '739 patent by inducing infringement.

### SIXTH COUNT: CONTRIBUTORY INFRINGEMENT OF THE '739 PATENT

62. By this reference Vivint realleges and incorporates the foregoing Claim paragraphs 1–30 as though fully set forth here.

63. Defendant has been and is contributing to the infringement of the '739 patent by selling or offering to sell SkyBell B2B Products by which other parties directly infringe the '739 patent.

64. Defendant has been and is contributing to the infringement of the '739 patent by selling or offering to sell SkyBell B2B Products having had knowledge of the '739 patent at least since the filing of the original complaint on May 14, 2021.

65. SkyBell has been and is contributing to the infringement of the '739 patent by selling or offering to sell SkyBell B2B Products knowing them to be especially made or especially adapted for practicing the invention of the '739 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

### PRAYER FOR RELIEF

Vivint prays that the Court grant it relief by entering judgment in its favor on each of its claims for relief, and specifically:

A. find SkyBell liable for direct and indirect infringement of the

asserted claims of the Vivint Patents;

B. award Vivint damages adequate to compensate it for SkyBell's infringement of the Vivint Patents, pursuant to 35 U.S.C. § 284;

C. find that SkyBell's infringement of the Vivint Patents was willful and, pursuant to 35 U.S.C. § 284, increase the damages awarded up to three times the amount found or assessed because of, at least, SkyBell's willful conduct;

D. find this case to be exceptional under 35 U.S.C. § 285 and award Vivint its reasonable attorney fees accordingly;

E. award Vivint pre-judgment and post-judgment interest;

F. award Vivint such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Vivint hereby requests a trial by jury of all issues properly triable by jury.

Dated: August 12, 2022                Respectfully submitted,

/s/ *Michael A. Manookin*
David R. Wright (pro hac vice)
Michael A. Manookin (pro hac vice)
FOLEY & LARDNER LLP
299 S Main St 2000,
Salt Lake City, UT 84111
Telephone: 801.401.8900
Facsimile: 385.799.7576
DRWright@foley.com
MManookin@foley.com

Kevin J. Malaney (pro hac vice)
Foley & Lardner LLP

777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414.271.2400
Facsimile: 414.297.4900
KMalaney@foley.com

Jack T. Carroll (pro hac vice)
Foley & Lardner LLP
150 East Gilman Street
Madison, WI 53703-1482
Telephone: 608.257.5035
Facsimile: 608.258.4258
JCarroll@foley.com

Adam R. Aquino (324526)
Foley & Lardner LLP
299 S. Main St, Ste. 2000
Salt Lake City, UT 84111
Telephone: 801.401.8900
Facsimile: 385.799.7576
AAquino@foley.com

Charles S. Barquist (133785)
Maschoff Brennan Gilmore & Israelsen
300 South Grand Ave, 14th Floor
Los Angeles, CA 90071
Telephone: 949.202.1900
Facsimile: 949.453.1104
CBarquist@mabr.com

Attorneys for Counter-claim Plaintiff
Vivint, Inc.