Gary R. Sorden (admitted pro hac vice)
  gsorden@coleschotz.com
Brian L. King (admitted pro hac vice)
  bking@coleschotz.com
Vishal Patel (admitted pro hac vice)
  vpatel@coleschotz.com
Kumar Vinnakota (admitted pro hac vice)
  kvinnakota@coleschotz.com
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587

Aaron L. Renfro, Bar No. 255086
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:   (949) 717-3000
arenfro@calljensen.com

Attorneys for Defendant SKYBELL TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVINT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SKYBELL TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 2-21-cv-09472-GW-GJSx <br><br> **SKYBELL TECHNOLOGIES, INC.'S ANSWER TO VIVINT INC.'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> Complaint Filed: November 17, 2020 <br> Trial Date: July 10, 2023 |

Defendant SkyBell Technologies Inc. ("SkyBell"), by and through their counsel Cole Schotz P.C., hereby answers the First Amended Complaint (Dkt. 149) of Plaintiff, Vivint Inc. ("Vivint"), as follows;

## PARTIES

1. SkyBell admits that it is a Nevada company with its principal place of business at 1 Jenner #100, Irvine, CA 92618.

2. SkyBell lacks a sufficient basis to form a belief as to the allegations of this paragraph and therefore it is denied.

## JURISDICTION AND VENUE

3. SkyBell admits patent infringement is a federal question.

4. SkyBell admits that pursuant to the Joint Stipulation to Transfer Parties and Claims (the "Transfer Stipulation") (Dkt. 63), SkyBell and SB IP Holdings, LLC ("SBIP") consented to transfer all of Vivint's counterclaims against SkyBell from the United States District Court for the Eastern District of Texas matter, Case No. 4:20-cv-0086-ALM (the "Prior Matter"), to the United States District Court for the Central District of California where the parties agreed that Vivint's counterclaims are proper with respect to jurisdiction. SkyBell denies the remaining allegations in Paragraph 4.

5. SkyBell admits that in the Transfer Stipulation the parties agreed that Vivint's counterclaims against SkyBell are proper with respect to venue in United States District Court for the Central District of California.

## PROCEDURAL BACKGROUND

6. SkyBell admits that SBIP filed the Complaint in the Prior Matter against Vivint Smart Home, Inc., on November 17, 2020 (Dkt. 1).

7. SkyBell admits that Vivint joined the Prior Matter and asserted counterclaims against SkyBell on May 14, 2021 (Dkt. 34).

8. SkyBell admits that it moved to dismiss Vivint's counterclaims for lack of venue on July 6, 2021 (Dkt. 40).

9. SkyBell admits that the Transfer Stipulation was filed on November 16, 2021 (Dkt. 63).

10. SkyBell admits that this Court acknowledged receipt of this matter, by way of transfer from the United States District Court for the Eastern District of Texas, on December 17, 2021 (Dkt. 74-76).

## FACTUAL BACKGROUND

11. SkyBell lacks a sufficient basis to form a belief as to the allegations of Paragraph 11 and therefore it is denied.

12. SkyBell lacks a sufficient basis to form a belief as to the allegations of Paragraph 12 and therefore it is denied.

13. SkyBell lacks a sufficient basis to form a belief as to the allegations of Paragraph 13 and therefore it is denied.

14. SkyBell lacks a sufficient basis to form a belief as to the allegations of Paragraph 14 and therefore it is denied.

15. SkyBell lacks a sufficient basis to form a belief as to the allegations of Paragraph 15 and therefore it is denied.

## ASSERTED PATENTS

16. SkyBell admits 35 U.S.C. § 282 provides for a presumption of validity but denies the remainder of the allegations in Paragraph 16.

17. SkyBell lacks a sufficient basis to form a belief as to the allegations of Paragraph 17 and therefore it is denied.

18. SkyBell admits it sells video doorbell products but denies the remainder of the allegations in Paragraph 17.

19. SkyBell admits its products use a smartphone application but denies the remaining allegations in Paragraph 19.

20. SkyBell denies the allegation in Paragraph 20.

21. SkyBell admits only that it has sold its video doorbells through business-to-business channels and that Alarm.com has been a SkyBell customer. SkyBell denies the remaining allegations in Paragraph 21.

22. SkyBell lacks a sufficient basis to form a belief as to the allegations in Paragraph 22 and therefore denies them.

23. SkyBell lacks a sufficient basis to form a belief as to the allegations in Paragraph 23 and therefore denies them.

24. SkyBell denies the allegations in Paragraph 24.

25. SkyBell denies the allegations in Paragraph 24.

26. SkyBell denies the allegations in Paragraph 26.

27. SkyBell denies the allegations in paragraph 27.

28. SkyBell denies the allegations in paragraph 28.

29. SkyBell denies the allegation in Paragraph 29.

30. SkyBell lacks a sufficient basis to form a belief as to the allegation in Paragraph 30 and therefore denies them.

**FIRST COUNT: DIRECT INFRINGEMENT OF THE '343 PATENT**

31. SkyBell does not need to respond to Paragraph 31, but to the extent a response is required, it is denied and SkyBell incorporates its responses to paragraphs 1-30 herein.

32. SkyBell denies the allegations in paragraph 32.

33. SkyBell denies the allegations in paragraph 33.

34. SkyBell admits only that the SkyBellHD mobile application includes a user interface that allows users to enter a variety of information. SkyBell denies the remaining allegations in paragraph 34.

35.  SkyBell admits only that the SkyBellHD mobile application provides a variety of functionality to users including to receive notifications; view and download recorded video; control certain settings; and see, hear & speak to visitors. SkyBell denies the remaining allegations in paragraph 35.

36.  SkyBell admits only that users may change notification settings for the SkyBellHD mobile application. SkyBell denies the remaining allegations in paragraph 36.

### SECOND COUNT: INDUCED INFRINGEMENT OF THE '343 PATENT

37.  SkyBell does not need to respond to Paragraph 37, but to the extent a response is required, it is denied and SkyBell incorporates its responses to paragraphs 1-30 herein.

38.  SkyBell denies the allegations in paragraph 38.

39.  SkyBell denies the allegations in paragraph 39.

40.  SkyBell denies the allegations in paragraph 40.

41.  SkyBell lacks sufficient information to admit or deny the allegations in paragraph 41 and therefore denies them.

42.  SkyBell lacks sufficient information to admit or deny the allegations in paragraph 42 and therefore denies them.

43.  SkyBell lacks sufficient information to admit or deny the allegations in paragraph 43 and therefore denies them.

44.  SkyBell denies the allegations in paragraph 44.

### THIRD COUNT: CONTRIBUTORY INFRINGEMENT OF THE '343 PATENT

45.  SkyBell does not need to respond to Paragraph 45, but to the extent a response is required, it is denied and SkyBell incorporates its responses to paragraphs 1-30 herein.

46.  SkyBell denies the allegations in paragraph 46.

47. SkyBell denies the allegations in paragraph 47.

48. SkyBell denies the allegations in paragraph 48.

**FOURTH COUNT: DIRECT INFRINGEMENT OF THE '793 PATENT**

49. SkyBell does not need to respond to Paragraph 49, but to the extent a response is required, it is denied.

50. SkyBell denies the allegations in paragraph 50.

51. SkyBell denies the allegations in paragraph 51.

52. SkyBell denies the allegations in paragraph 52.

53. SkyBell admits only that the SkyBellHD mobile application can allow a user to see, hear & speak to visitors. SkyBell denies the remaining allegations in paragraph 53.

54. SkyBell denies the allegations in paragraph 54.

**FIFTH COUNT: INDUCED INFRINGEMENT OF THE '739 PATENT**

55. SkyBell does not need to respond to Paragraph 55, but to the extent a response is required, it is denied and SkyBell incorporates its responses to paragraphs 1-30 herein.

56. SkyBell denies the allegations in paragraph 56.

57. SkyBell denies the allegations in paragraph 57.

58. SkyBell lacks sufficient information to admit or deny the allegations in paragraph 58 and therefore denies them.

59. SkyBell denies the allegations in paragraph 59.

60. SkyBell lacks sufficient information to admit or deny the allegations in paragraph 60 and therefore denies them.

61. SkyBell denies the allegations in paragraph 61.

**SIXTH COUNT: CONTRIBUTORY INFRINGEMENT OF THE '739 PATENT**

62. SkyBell does not need to respond to Paragraph 62, but to the extent a response is required, it is denied and SkyBell incorporates its responses to paragraphs 1-30 herein.

63. SkyBell denies the allegations in paragraph 63.

64. SkyBell denies the allegations in paragraph 64.

65. SkyBell denies the allegations in paragraph 65.

## PRAYER FOR RELIEF

SkyBell denies that Vivint is entitled to any relief requested in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

To the extent this case is not dismissed before trial, SkyBell requests a jury trial.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Vivint has failed to plead its claims with sufficient specificity or factual support to place SkyBell on notice of the claims Vivint is asserting against it, such that Vivint failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

SkyBell does not directly or indirectly infringe any valid or enforceable claim of the '343 Patent or the '739 Patent, either literally, or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

Each asserted claim of the '343 Patent and the '739 Patent are invalid for failing to satisfy the conditions of patentability specified in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH AFFIRMATIVE DEFENSE

Vivint's claims are barred, in whole or in part, by prosecution estoppel and disclaimer, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '343 Patent and the '739 Patent.

## FIFTH AFFIRMATIVE DEFENSE

Vivint's claims for damages and/or costs are barred or limited, in whole or in part, pursuant to 35 U.S.C. § 286, which prohibits recovery for activities committed more than six years before the filing of the Complaint. Additionally, on information and belief, any claim for relief is barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

SkyBell has not committed any acts of infringement, willful or otherwise, in this District or elsewhere, and the '343 Patent and the '739 Patent are each invalid. Thus, Vivint cannot prove that it is entitled to enhanced damages or that this case is otherwise exceptional under 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE

Vivint's claims are barred, in whole or in part, by the doctrines of waiver, implied waiver, acquiescence, equitable estoppel, unclean hands, and/or other equitable remedies.

## **SKYBELL'S COUNTERCLAIMS**

SkyBell, on personal knowledge as to its own acts, and on information and belief as to all others, alleges the following Counterclaims against Vivint.

## PARTIES

1. SkyBell is a Nevada corporation with a principal place of business at 1 Jenner #100, Irvine, CA 92618.

2. According to the allegations in paragraph 2 of the First Amended Complaint, Vivint is a Utah corporation. Upon information and belief, Vivint's principal place of business is at 4931 North 300 West, Provo, Utah 84604.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 02.

4. The Court has personal jurisdiction over Vivint because it consented to the jurisdiction of this Court by filing its First Amended Complaint against SkyBell.

5. Venue for these Counterclaims is proper in this District because Vivint consented to the propriety of venue in this District by filing this action against SkyBell in this District.

## COUNTERCLAIM COUNT 1
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF
## U.S. PATENT NO. 6,748,343)

6. SkyBell incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

7. As reflected in the First Amended Complaint and in SkyBell's Answer, an actual controversy exists with respect to SkyBell's purported infringement of the '343 Patent.

8. Although Vivint alleges in its First Amended Complaint that SkyBell infringed one or more claims of the '343 Patent, SkyBell has denied these allegations and contends that SkyBell has not infringed, and does not infringe, any valid and enforceable claim of the '343 Patent directly, indirectly, literally, or under the doctrine of equivalents. Vivint cannot meet its burden to prove infringement by SkyBell of any

valid and enforceable claim of the '343 Patent. A justiciable controversy therefore exists between SkyBell and Vivint.

9. By this Counterclaim, SkyBell seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe any valid and enforceable claim of the '343 Patent.

10. A judicial determination as to non-infringement of any valid and enforceable claim of the '343 Patent is necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT 2
## (INVALIDITY OF U.S. PATENT 6,748,343)

11. SkyBell incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

12. All of the asserted claims of the '343 Patent are invalid for failure to meet one or more of the conditions of patentability set forth in Title 35 of the U.S. Code, 35 U.S.C. § 100 *et seq.* and, particularly 35 U.S.C. §§ 101, 102, 103, and/or 112.

13. Upon information and belief, Vivint commenced and maintains this action against SkyBell with knowledge that the claims of the '343 Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. § 100 *et seq.* and, particularly, 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Vivint's activities render this case an exceptional one, and SkyBell is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNTERCLAIM COUNT 3
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,956,739)

15. SkyBell incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

16. As reflected in the First Amended Complaint and in SkyBell's Answer, an actual controversy exists with respect to SkyBell's purported infringement of the '739 Patent.

17. Although Vivint alleges in its First Amended Complaint that SkyBell infringed one or more claims of the '739 Patent, SkyBell has denied these allegations and contends that SkyBell has not infringed, and does not infringe, any valid and enforceable claim of the '739 Patent directly, indirectly, literally, or under the doctrine of equivalents. Vivint cannot meet its burden to prove infringement by SkyBell of any valid and enforceable claim of the '739 Patent. A justiciable controversy therefore exists between SkyBell and Vivint.

18. By this Counterclaim, SkyBell. seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe any valid and enforceable claim of the '739 Patent.

19. A judicial determination as to non-infringement of any valid and enforceable claim of the '739 Patent is necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT 4
### (INVALIDITY OF U.S. PATENT 7,956,739)

20. SkyBell incorporates and realleges the paragraphs of its Answer, each of its Affirmative Defenses, and the preceding paragraphs of its Counterclaims.

21. All of the asserted claims of the '739 Patent are invalid for failure to meet one or more of the conditions of patentability set forth in Title 35 of the U.S. Code, 35 U.S.C. § 100 *et seq.* and, particularly 35 U.S.C. §§ 101, 102, 103, and/or 112.

22. Upon information and belief, Vivint commenced and maintains this action against SkyBell with knowledge that the claims of the '739 Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in 35 U.S.C. § 100 *et seq.* and, particularly, 35 U.S.C. §§ 101, 102, 103, and/or 112.

23. Vivint's activities render this case an exceptional one, and SkyBell is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Defendant SkyBell Technologies, Inc. demands judgment:

A. For a declaration that SkyBell has not infringed any valid and enforceable claims of the '343 Patent or the '739 Patent directly, indirectly, literally, or under the doctrine of equivalents;

B. For a declaration that all asserted claims of U.S. Patent 6,748,343 and 7,956,739 are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

C. For Vivint's claims against SkyBell to be dismissed with prejudice and that Vivint take nothing by way of its First Amended Complaint;

D. For an order finding this case exception under 35 U.S.C. § 285 in SkyBell's favor and awarding SkyBell its reasonable attorneys' fees and costs;

E. That SkyBell be awarded its costs incurred in this action; and

F. For all other relief as this Court deems just and proper.

Dated: August 26, 2022

Respectfully submitted,

CALL & JENSEN
A Professional Corporation
Aaron L. Renfro


By: */s/ Aaron L. Renfro*
    Aaron L. Renfro

Attorneys for Defendant
SkyBell Technologies, Inc.